IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| (1) FRANK A. STIE, </br></br>Plaintiff, </br></br>vs. </br></br>(1) GREEN COUNTRY AIRCRAFT, LLC., a domestic for profit company, </br>(2) GREEN COUNTRY AIRCRAFT EXHAUST, INC., a domestic for profit company, </br></br>Defendants. | CASE NO. CJ-2017-01772  Caroline Wall </br></br>ATTORNEY LIEN CLAIMED </br>JURY TRIAL DEMANDED </br></br>DISTRICT COURT </br>F I L E D </br>MAY - 5 2017 </br>DON NEWBERRY, Court Clerk </br>STATE OF OKLA. TULSA COUNTY |

## PETITION

COMES NOW the Plaintiff, Frank A. Stie, through his attorney of record, Daniel E. Smolen and Lauren Lambright, of SMOLEN, SMOLEN AND ROYTMAN, PLLC, and brings this action against Defendants, Green Country Aircraft Inc. and Green Country Aircraft Exhaust, Inc., for violations of his constitutional protected rights arising out of his employment and termination by said Defendants.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967 as amended by 29 U.S.C. 621 et seq. (Hereinafter "ADEA").

2. Plaintiff, Frank A. Stie, is a resident of Tulsa County, Oklahoma.

3. Defendant Green Country Aircraft, LLC is a domestic, for-profit company conducting regular business in Tulsa County, Oklahoma and regularly employs more than fifteen (15) people.

1

4. Defendant Green Country Aircraft Exhaust, Inc. is a domestic, for-profit company conducting regular business in Tulsa County, Oklahoma and regularly employs more than fifteen (15) people.

5. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County, Oklahoma.

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on age. A Notice of Right to Sue was received by Plaintiff and this petition has been filed within ninety (90) days of receipt of said Notice. As such, all conditions precedent to the filing of this lawsuit are fulfilled.

7. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

8. Plaintiff brings this action for damages under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq. ("ADEA"), providing for relief against discrimination in employment based on age.

9. Liquidated damages are sought pursuant to 29 U.S.C.A. § 626(b).

10. Cost and attorney's fees may be awarded pursuant to 29 U.S.C.A. § 626.

## FACTS COMMON TO ALL CLAIMS

11. The preceding paragraphs are incorporated herein by reference.

12. Defendants hired Plaintiff as a Purchasing Manager in January 2016.

13. Around April or May of 2016, a younger employee named Patrick Barton, who is in his mid-twenties, replaced the Production Supervisor who hired the Plaintiff.

14. Despite performing his duties and working well with vendors, Plaintiff began to experience discrimination based on his age.

15. In May of 2016, Production Supervisor Patrick Barton, referred to Plaintiff as "old man."

16. Plaintiff observed Patrick Barton and other younger workers make disparaging remarks about older people in general, and also cuss and yell at older emplopyees.

17. In August of 2016, Mr. Barton referred to Plaintiff as "Gramps" and stated "This is 2016, you need to get with it."

18. Mike Teague, owner of the Green County Aircraft, also frequently cussed at plaintiff.

19. Plaintiff was often tasked with correcting the mistakes his supervisor, Mr. Barton, made. For instance, Mr. Barton once ordered the wrong material size and they were unable to return it. However, Mr. Barton, a younger employee, was not disciplined for his mistakes.

20. In November of 2016, Plaintiff was having trouble getting one of Defendants' vendor to respond to his phone calls and emails. Plaintiff's supervisor, Mr. Barton, was made aware of Plaintiff's difficulty contacting the vendor in question but refused Plaintiff's requests for assistance in the matter.

21. Despite his efforts to communicate with the vendor, and the lack of assistance from his supervisor, Plaintiff was notified he was going to be given a written warning. The owner of the company, Mike Teague, alleged Plaintiff failed to follow up with the vendor, however no disciplinary action was taken against Mr. Barton who failed to assist Plaintiff with the situation.

22. Following the email about the pending written warning, Plaintiff visited the vendor to get the answers his bosses required.

23. Plaintiff officially was written-up on November 8, 2016.

24. Plaintiff arrived at work on November 29, 2016, and after discussing his write up and his disagreement with it, he was wrongfully discharged.

25. Defendants replaced Plaintiff with a younger employee.

### FIRST CLAIM FOR RELIEF
**Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment act of 1967 (29 U.S.C. 621 *et seq.*)**

26. The preceding paragraphs are incorporated herein by reference.

27. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 et seq.

28. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to discipline and termination in violation of the ADEA.

29. Defendants' willful discriminatory practices have resulted in the loss of past and future wages and other job benefits.

30. Defendants committed the acts alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

31. Upon information and belief, Plaintiff's termination was motivated in substantial part by his age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

    a) Back pay and lost benefits; front pay until normal retirement;

    b) Liquidated damages for the willful intentional and knowing acts of discrimination committed by Defendants;

    c) Plaintiff's attorney fees and the costs and expenses of this action;

    d) Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

32. The preceding paragraphs are incorporated herein by reference.

33. The Defendants' actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

34. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, liquidated damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits as well as front pay until normal retirement, compensatory and punitive damages for emotional distress, reasonable attorney fees and costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN,** PLLC

_____
Daniel E. Smolen, OBA #19943
Lauren G. Lambright, OBA #22300
701 S. Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax

*Attorneys for Plaintiff*